IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MALCOLM C. MACK                                                                             PLAINTIFF

v.                                          Civil No. 4:16-cv-04063

TEXARKANA ARKANSAS POLICE
DEPARTMENT; PAUL NALL;
STEPHANIE POTTER-BLACK;
and CONNIE MITCHELL                                                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Malcolm C. Mack originally filed this 42 U.S.C. § 1983 action *pro se* on July 12, 2016.[1]  ECF No. 1.  That same day Plaintiff's application to proceed *in forma pauperis* ("IFP") was granted.  ECF No. 3.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Because Plaintiff is proceeding IFP, the Court has the obligation to screen Plaintiff's Complaint in order to determine whether the cause of action is frivolous or malicious and, if so, to dismiss the complaint.  *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982).  28 U.S.C. § 1915(e)(2)(B)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.).

## BACKGROUND

In his original Complaint Plaintiff named only the Miller County Detention Center as a defendant.  ECF No. 1.  I entered an order directing Plaintiff to submit an Amended Complaint

---

[1] Plaintiff is not currently incarcerated nor was he incarcerated at the time he filed his Complaint.

1

naming as defendants those individuals who he believes violated his federal constitutional rights. ECF No. 3. Plaintiff filed an Amended Complaint on August 5, 2016 (ECF No. 5) and filed a Supplement to his Complaint on August 19, 2016. ECF No. 7.

According to Plaintiff's Amended Complaint, Defendant Detective Paul Nall[2] charged Plaintiff with "14 counts of Aggravated Assault, Warrant number #A14-5094-W14, 1 Count of Battery 1st Warrant number #A14-5094-W13, Domestic Assault 3rd warrant number A14-2830-F1". ECF No. 5. Plaintiff alleges he was held by the Texarkana Arkansas Police department for one-hundred twenty (120) days at the Miller County Detention Center ("MCDC'). He also alleges his bond was set too high. He is asserting claims for "false imprisonment, pain and suffering and mental damage" for the time he was incarcerated between January 1, 2015 and April 30, 2015. ECF No. 5   Plaintiff has named the following Defendants in this lawsuit: Texarkana, Arkansas Police Department (in the case caption), Detective Paul Nall, Prosecuting Attorney Stephanie Potter-Black, Prosecuting Attorney Connie Mitchell and Prosecuting Attorney Office Building.

## APPLICABLE LAW

The Court must determine whether the causes of action stated in Plaintiff's complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right,

---

[2] In his Supplement Plaintiff refers to this defendant as Detective Noel. ECF No. 7.

privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff has named the Texarkana Arkansas Police Department and the Prosecuting Attorney Office of Miller County as defendants. The police department and the prosecuting attorney's office are buildings and not persons subject to suit under 42. U.S.C. § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993)(jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987)(sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 863 F.2d 1017 (8th Cir. 1989).

Plaintiff's claims against Defendants Stephanie Potter-Black and Connie Mitchell fail because they are prosecuting attorneys who are immune from suits filed under 42 U.S.C. § 1983. In *Imbeler v. Pachtman*, the United States Supreme Court established absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." 424 U.S. 409, 431 (1976). This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that a prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity).

Finally, Plaintiff's claims for false imprisonment against Defendant Detective Paul Nall are also subject to dismissal. In *Baker v. McCollan*, 443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979), the Supreme Court stated:

3

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

*Baker*, 443 U.S. at 145-46.

Here, Plaintiff claims he was innocent of the charges and his bond was set too high. He does not state in his Complaint whether the charges against him have been dropped or if they are still pending in state court[3]. In any event I conclude Plaintiff has failed to state any claim that his rights under the Due Process Clause have been violated.

---

[3] In **Error! Main Document Only.***Younger v. Harris*, 401 U.S. 37, 43-44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court advanced the position federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances. *Harmon v. City of Kansas City*, 197 F.3d 321, 325 (8th Cir. 1999), *cert. denied*, 529 U.S. 1038, 120 S. Ct. 1534, 146 L. Ed. 2d 348 (2000). Abstention under *Younger* is warranted if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *Id.* (*citing Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)).

## CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Amended Complaint (ECF No. 5) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) against all Defendants.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 16th day of September 2016.**

　　　　　　　　　　　　　　　　　　/s/ Barry A. Bryant
　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE