IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MALCOLM C. MACK                                                                                            PLAINTIFF

V.                                           CASE NO. 4:16-CV-04063

TEXARKANA ARKANSAS POLICE
DEPARTMENT; PAUL NALL;
STEPHANIE POTTER-BLACK;
and CONNIE MITCHELL                                                                                    DEFENDANTS

## **ORDER**

Before the Court is the Report and Recommendation filed September 16, 2016, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 8. Judge Bryant recommends that Plaintiff's Amended Complaint (ECF No. 5) be dismissed with prejudice. Plaintiff has responded with timely objections. ECF No. 9. The Court finds the matter ripe for consideration.

## **I. BACKGROUND**

Plaintiff, a former inmate of the Miller County Detention Center, filed this *pro se* action requesting compensatory relief for an alleged deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. The Complaint was filed on July 12, 2016, along with an application to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. Plaintiff was not incarcerated at the time he filed suit and is not currently incarcerated. The Court granted Plaintiff's IFP application and required Plaintiff to file an Amended Complaint naming individual defendants, as Plaintiff had only named the Miller County Detention Center, which is a building not subject to suit under 42 U.S.C. § 1983. ECF No. 3. Plaintiff filed an Amended Complaint and Supplement. ECF Nos. 5, 7. Upon review of the Amended Complaint and Supplement, Judge Bryant issued a Report and Recommendation and recommended that Plaintiff's Amended Complaint be dismissed for failing to state a claim upon which relief can be granted. ECF No. 8. Plaintiff filed a timely objection,

but failed to object specifically to any of Judge Bryant's findings. ECF No. 9. In his Objection, Plaintiff simply re-stated his position and again alleged that his constitutional rights had been violated.

Plaintiff claims that he was falsely imprisoned from January 1, 2015, to April 30, 2015. ECF No. 5. Plaintiff further alleges that his bond, set at $200,000, was "extremely high."[1] ECF No. 5. Plaintiff seeks damages for (1) the alleged constitutional violations and the resulting physical and mental injuries, (2) reputational harm, and (3) the distress of his "family and peers." ECF Nos. 5, 7. Plaintiff also prays for damages in the amount of $2,500 per hour for his time incarcerated at the Miller County Detention Center as well as a lifetime "Restraining Order…against Miller County law officials." ECF No. 5.

## II. DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). However, even if the plaintiff makes such allegations, the claim will fail if the named defendant is immune or not subject to suit under 42 U.S.C. § 1983. *See*, *e.g.*, *Imbeler v. Pachtman*, 424 U.S. 409, 431 (1976) (establishing absolute immunity of a prosecutor from a civil suit under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case"); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

Here, Plaintiff has named numerous defendants: (1) the Texarkana, Arkansas Police Department; (2) the Prosecuting Attorney's Office of Miller County, Arkansas; (3) Detective

---

[1] In regards to Plaintiff's claim of excessive bond, Plaintiff has failed to name an appropriate defendant. Defendants Nall, Potter-Black, and Mitchell do not have the authority to set bond. Therefore, this claim must be dismissed for failure to name an appropriate defendant. However, even if Plaintiff had named an appropriate defendant, the claim would fail for reasons similar to those discussed below.

Paul Nall; (4) Prosecuting Attorney Stephanie Potter-Black; and (5) Deputy Prosecuting Attorney Connie Mitchell. As for the Texarkana, Arkansas Police Department and the Prosecuting Attorney's Office of Miller County, Arkansas, neither is an entity subject to suit under 42 U.S.C. § 1983. *See*, *e.g.*, *Dean*, 951 F.2d at 1214; *In re Scott Cnty Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott Cnty*, 863 F.2d 1017 (8th Cir. 1989); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) ("[A] jail is not an entity that is amendable to suit"); *Powell v. Cook Cnty Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not subject to suit). Therefore, Plaintiff's claims against these two Defendants fail and must be dismissed.

In regards to Detective Paul Nall, Plaintiff has named Defendant Nall in this suit because Plaintiff believes Defendant Nall wrongfully charged him with numerous counts of aggravated assault, one count of first-degree battery, and one count of third-degree domestic assault. ECF No. 5. Plaintiff is mistaken, however, in that Defendant Nall in his capacity as detective is not responsible for determining what charges to levy against the accused—that is the duty of the prosecuting attorney. Further, even if Plaintiff intends to base his claim against Defendant Nall on actions undertaken pursuant to his duties as a detective, such a claim would be without merit. *See Baker v. McCollan*, 443 U.S. 137 (1979) (stating that law enforcement officials executing a warrant or holding an individual in custody are not required to investigate every claim of innocence or perform an error-free investigation of such claims and that the determination of guilt or innocence is one for the finder of fact). Thus, Plaintiff's claim against Defendant Nall fails and must be dismissed.

Finally, Plaintiff has also named Prosecuting Attorney Stephanie Potter-Black and Deputy Prosecuting Attorney Connie Mitchell in this suit. It is unclear as to the exact nature of Plaintiff's claims against these defendants. However, regardless of the nature of Plaintiff's

claims, the claims fail because both defendants are immune from suit. In *Imbeler v. Pachtman*, the United States Supreme Court established absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." 424 U.S. at 431. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id*. at 430; *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993) (holding that a prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity). Therefore, Plaintiff's claims against Defendants Potter-Black and Mitchell fail and must be dismissed.

Plaintiff has failed to address any of these issues in his objections to Judge Bryant's Report and Recommendation. In his objections, Plaintiff has simply re-stated that he, his family, and his community have been harmed by his incarceration. Plaintiff has not alleged any new facts or provided any further factual support for his position.[2] Accordingly, the Court agrees with Judge Bryant's recommendation that Plaintiff's claims be dismissed.

### III. CONCLUSION

For the reasons stated above, the Court overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 8) *in toto*. Plaintiff's Amended Complaint is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 26th day of October, 2016.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge

---

[2] Plaintiff did allege that his state charges have been dropped, but he did not provide any supporting documentation. ECF No. 9.